```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
TRAVIS HEFFLEY,                    :
                                   :
          Plaintiff,               :    Civ. No. 17-3647 (NLH)(SAK)
                                   :
     v.                            :    MEMORANDUM OPINION AND ORDER
                                   :
                                   :
FEDERAL BUREAU OF PRISONS          :
FCI FORT DIX, et al.,              :
                                   :
          Defendants.              :
_____:
```

APPEARANCES:

Travis Heffley
17225097
Otisville
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Otisville, NY 10963

HILLMAN, District Judge

WHEREAS, Plaintiff Travis Heffley filed a complaint naming unidentified members of the Extraction Team at FCI Fort Dix as defendants, ECF No. 1; and

WHEREAS, the Court reviewed the complaint under 28 U.S.C. § 1915(e)(2) and concluded sua sponte dismissal was not appropriate, ECF No. 7.  However, the Court acknowledged that the Complaint could not be served on unknown John Doe defendants, and thus, the Court authorized discovery pursuant to Federal Rules of Civil Procedure 26(d) and 34(c) limited to

1

discovering the identities of the John Doe members of the Fort Dix Extraction Team.  Id.; and

WHEREAS, after Plaintiff provided the Court with names for the John Doe defendants, the Court directed the Clerk's Office to substitute the named defendants and to issue U.S. Marshal 285 Forms to Plaintiff for service, ECF No. 13; and

WHEREAS, on April 14, 2021, the Clerk's Office docketed a notice that it had not received the 285 Forms from Plaintiff, ECF No. 21; and

WHEREAS, on May 3, 2021, Plaintiff wrote to the Court and said he had mailed the forms to the Clerk's Office, ECF No. 22; and

WHEREAS, Plaintiff filed a motion for summary judgment on July 1, 2021 arguing that "there is no reason for delay in the entry of final judgment. . . .  The Plaintiff Travis Heffley has sought a monetary judgment ruling."  ECF No. 24; and

WHEREAS, on July 2, 2021, the Court issued an order stating that it had never received the 285 Forms that Plaintiff originally mailed and ordered the Clerk to send 285 Forms to Plaintiff again so that Plaintiff could send new copies to the Clerk, ECF No. 25; and

WHEREAS, the Clerk's Office mailed new 285 Forms to Plaintiff on July 2, 2021, ECF No. 26; and

WHEREAS, Plaintiff sent back the 285 Forms with a handwritten note that stated he "completed and sent to [the Clerk] in Nov 2020-Dec 2020."  ECF No. 27; and

WHEREAS, Plaintiff filed a motion to amend his complaint on October 19, 2021, ECF No. 31; and

WHEREAS, Plaintiff filed a motion for summary judgment simultaneously with his motion to amend, ECF No. 32.  The Court administratively terminated the summary judgment pending a decision on the motion to amend, ECF No. 33; and

WHEREAS, Magistrate Judge Sharon A. King denied the motion to amend as moot on May 16, 2022, ECF No. 34 (finding "Plaintiff's present motion seeks to add the identical substituted defendants as new defendants; and whereas the Court finds that Plaintiff's requested relief was previously granted"); and

WHEREAS, the Court will direct the Clerk to reopen the motion for summary judgment in accordance with its prior order, ECF No. 33; and

WHEREAS, the Court directed the Clerk's Office to send Plaintiff 285 Forms on three occasions: November 9, 2020 (ECF No. 17); July 2, 2021 (ECF No. 25); and September 21, 2021 (ECF No. 29).  The docket indicates the Clerk's Office complied and mailed 285 forms on these dates.  ECF Nos. 18, 26, and 30; and

3

WHEREAS, there is no record of the Clerk's Office having received 285 forms back from Plaintiff despite Plaintiff's assertion he sent the forms back in November or December 2020. ECF No. 27; and

WHEREAS, the Court has given Plaintiff several chances to resubmit the forms for service; Plaintiff refuses to do so.  As such, the defendants have not been served with the complaint; and

WHEREAS, the Court cannot grant summary judgment when defendants have not been served and have not had an opportunity to defend themselves.  Therefore, the Court will deny the motion for summary judgment; and

WHEREAS, in its September 21, 2021 Order, the Court notified Plaintiff that "failure to meet the service deadlines may result in dismissal of this action," ECF No. 29 at 4; and

WHEREAS, Plaintiff is ordered to show cause in writing why this matter should not be dismissed for lack of service and failure to comply with this Court's orders,

IT IS therefore on this 2nd day of June, 2022,

ORDERED that the Clerk shall reinstate the motion for summary judgment, ECF No. 32; and it is further

ORDERED that the motion for summary judgment, ECF No. 32, be, and hereby is, denied without prejudice; and it is further

4

5

ORDERED that within 45 days of this Order, Plaintiff shall show cause in writing why this matter should not be dismissed for lack of service and failure to comply with this Court's orders; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey              s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.